IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHANDRA MCKINNEY AND
DRAVIAN MCKINNEY, BY AND
THROUGH HIS MOTHER AND NEXT
FRIEND, CHANDRA MCKINNEY                                           PLAINTIFFS

V.                                              CIVIL ACTION NO. 2:09CV46-B-A

CITY OF SOUTHAVEN, ET AL.                                          DEFENDANTS

## ORDER

This cause comes before the court upon the defendants' motion for summary judgment based on qualified immunity defense, motion for partial summary judgment as to MTCA claims, and motion to dismiss and for summary judgment. Upon due consideration of the motions, responses, and supporting and opposing authority, the court is ready to rule.

*Motion for Summary Judgment Based on Qualified Immunity Defense*

This case arises from a traffic stop occurring on March 7, 2006, at approximately 9:45 p.m., as the plaintiff, Chandra McKinney, and her minor son, Dravian McKinney, were driving home in Southaven, Mississippi. Defendant Southaven Police Officer Lance Sheppard was the officer involved in the traffic stop and ultimate arrest of Chandra McKinney.

The plaintiffs allege that Sheppard used excessive force during the traffic stop including knocking Chandra in the eye causing her to fall to the ground and spraying Chandra and Dravian with a "Mace"-type eye irritant. Sheppard asserts that Chandra was combative and disorderly and that his force was necessary to restrain her.

The United States Supreme Court has held that qualified immunity is defeated "if an official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff, or if he took the

action with the malicious intention to cause a deprivation of constitutional rights or other injury." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982).

In light of the Supreme Court's standard, this court is undoubtedly presented with questions of fact regarding Sheppard's entitlement to qualified immunity. The conflicting descriptions of the event at issue could hardly be more opposed. While Sheppard asserts that he did what was necessary safely to control the plaintiffs during the subject traffic stop, the plaintiffs contend that "the actions of Defendants were not only unreasonable, but if not for the fact that they acted under the protection of a badge and gun, would be considered criminal." Because the existence of factual disputes precludes judgment as a matter of law on this issue, the defendants' motion for summary judgment based on qualified immunity defense shall be denied.

*Motion for Partial Summary Judgment As to MTCA Claims*

The defendants also move for partial summary judgment on all claims pursuant to the Mississippi Tort Claims Act. Miss. Code Ann. § 11-46-1, *et seq.* ("MTCA"). It is undisputed that the plaintiffs' claims arose on March 7, 2006 – the date of the subject traffic stop. The plaintiffs did not file suit until March 5, 2009. The MTCA provides, "All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after . . . ." Miss. Code Ann. § 11-46-11(3). The MTCA further requires "that ninety (90) days prior to maintaining an action thereon, [the person having a claim] shall file a notice of claim with the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1). The record as it currently stands reflects that the plaintiffs did not file the requisite letter pursuant to Section 11-46-11(1), and the claims were filed well outside the statute of

2

limitations set forth in Section 11-46-11(3). For these reasons, the court finds that the defendants' motion for partial summary judgment shall be granted, and the plaintiffs' MTCA claims shall be dismissed.

*Motion to Dismiss and for Summary Judgment*

Finally, the defendants move for summary judgment on all remaining claims asserting that the plaintiffs did not serve the defendants within one hundred and twenty days as provided by Federal Rule of Civil Procedure 4(m). The plaintiffs' complaint was filed on March 5, 2009, and the defendants were not served until July 10, 2009, and July 17, 2009 – a short time after expiration of the 120-day time period.

Because the plaintiffs served the defendants within such a short time after expiration of the time period, the court finds that they should be given the opportunity to explain their failure to comply with Rule 4(m). The defendants' motion shall be denied at this time subject to reconsideration, and the plaintiffs are ordered to show cause as to their delay.

It is, therefore, **ORDERED AND ADJUDGED**

that the defendants' motion for summary judgment on qualified immunity defense is **DENIED**;

that the defendants' motion for partial summary judgment on MTCA claims is **GRANTED**;

that the defendants' motion to dismiss and for summary judgment is **DENIED**; and

that the plaintiffs are **ORDERED to show cause** as to their failure to timely serve the defendants in accordance with Federal Rule of Civil Procedure 4(m).

This, the 31st day of March, 2010.

                                                 */s/ Neal Biggers*
                                                 **NEAL B. BIGGERS, JR.**
                                                 **SENIOR U.S. DISTRICT JUDGE**